Filed
9/22/2020 1:38 PM
Esther Degollado
District Clerk
Webb District
Diana Vela
2020CVA001672D1

NO. 2020CVA001672D1

| | | |
|---|---|---|
| JOSE ANTONIO TORREZ GODINEZ<br>Plaintiff. | § § § § § § § § § § § § § § § | IN THE DISTRICT COURT |
| V. | | _____ JUDICIAL DISTRICT |
| SEM EXPRESS LLC AND DARRON<br>LEON MURPHY<br>Defendants. | | OF WEBB COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION (WITH DISCOVERY)

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, JOSE ANTONIO TORREZ GODINEZ, files this Plaintiff's Original Petition (With Discovery), complaining of Defendants DARRON LEON MURPHY and SEM EXPRESS LLC. For cause of action, Plaintiff would show the Honorable Court as follows:

### I.
### DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery pursuant to a level three discovery control plan.

### II. PARTIES

Plaintiff JOSE ANTONIO TORREZ GODINEZ is an individual residing in Texas.

DARRON LEON MURPHY is a nonresident of Texas who may be served with process through the Chair of the Texas Transportation Commission: J. Bruce Bugg, Jr., Chairman, Texas Transportation Commission at 125 E. 11th St., Austin, Texas 78701-2483. Defendant DARRON LEON MURPHY's address is: 1055 A Theobald, St. Louis, MO, 63147.

**EXHIBIT B**

Defendant SEM EXPRESS LLC is a motor carrier doing business in Texas and may be served through its registered agent for service of process: Brenda Guidroz at 1900 Texas Ave, Bridge City Texas, 77611.

## III.
## VENUE

Venue is proper in WEBB County because all, or a substantial part, of the events or omissions giving rise to their claim occurred in the county. Texas Civ. Prac. & Rem. Code § 15.002(a)(1).

## IV.
## FACTS

Defendant SEM EXPRESS LLC is a motor carrier licensed by and registered with the Federal Motor Carrier Safety Administration. Defendant hired, qualified, and retained DARRON LEON MURPHY as a truck driver. At all times relevant to this lawsuit, Defendant DARRON LEON MURPHY was acting in the course and scope of his actual and/or statutory employment with Defendant SEM EXPRESS LLC

On or around March 25, 2020, Plaintiff JOSE ANTONIO TORREZ GODINEZ was involved in collision with Defendant's vehicle in WEBB County, Texas at the intersection of San Eduardo Ave and Houston St. in Laredo, Texas. On said date, Defendant MURPHY disregarded a traffic light and collided into Plaintiff's vehicle. As a result of the collision, Plaintiff sustained serious injuries and damages.

## V.
## CAUSE OF ACTION

Defendant DARRON LEON MURPHY was negligent in the operation of the tractor-trailer. Specifically, Defendant MURPHY failed to keep a proper lookout, failed to control his speed, and disregarded a traffic light. As a direct and proximate result of this negligence, Plaintiff sustained serious damages. Defendant SEM EXPRESS LLC is vicariously liable for the negligence of Defendant MURPHY under the statutory employment doctrine as well as the doctrine of *respondeat superior*.

Based on the facts of this collision, it appears that Defendant MURPHY may have been fatigued or driving in violation of the hours-of-service regulations. It further appears that Defendant SEM EXPRESS LLC may have been negligent in its entrustment of a tractor-trailer to Defendant MURPHY, and in the qualification, hiring, training, supervision, and/or retention of Defendant MURPHY.

## VI.
## DAMAGES

Plaintiff seeks to recover the following elements of damages, which were proximately caused by Defendants' negligence:

1. Medical care, past and future;
2. Lost wages and earning capacity, past and future;
3. Physical impairment, past and future;
4. Physical pain, emotional distress, and mental anguish, past and future;
5. Disfigurement, past and future;
6. Property damage;
7. Loss of use; and
8. Diminution of value.

Plaintiff also seeks to recover prejudgment interest, post-judgment interest, and court costs. Plaintiff's damages exceed the Court's jurisdictional minimum and exceed $75,001.00. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief of over $1,000,000.00.

## VII.
## REQUEST FOR DISCLOSURE

Defendants are requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a)-(l) of the Texas Rules of Civil Procedure.

## VIII.
## INTERROGATORIES TO DEFENDANT DARRON LEON MURPHY

Plaintiff, pursuant to Tex. R. Civ. Procedure 196 and 197 propounds the following Interrogatories to Defendant DARRON LEON MURPHY. Defendant's response is due within fifty days from the date of service thereof. Plaintiff also requests that Defendant continue to supplement Defendant's responses to these Interrogatories as provided for by the Rules.

Interrogatory 1.    Please state how you contend the collision in question occurred.
RESPONSE:

Interrogatory 2.    Please state the positions held, general job descriptions, and lengths of employment of DARRON LEON MURPHY at the time of the collision in question.
RESPONSE:

Interrogatory 3.    Please state the full extent of any training, education, or experience concerning driving techniques or principles DARRON LEON MURPHY has received.
RESPONSE:

Interrogatory 4.    Was DARRON LEON MURPHY acting in the course and scope of his employment with SEM EXPRESS LLC at the time of the collision made the basis of this lawsuit? If you are contending that DARRON LEON MURPHY was not acting in the course and scope of employment for SEM EXPRESS LLC at the time of the collision, please state exactly why you are making such contention.
RESPONSE:

Interrogatory 5.  If the vehicle driven by DARRON LEON MURPHY that was involved in the collision in question was not owned by you, please state the vehicle owner's name, address and telephone number.

RESPONSE:

Interrogatory 6.  Please list all traffic accidents in which DARRON LEON MURPHY has been involved, including the location, city, county, state and any violations for which he was cited in connection with any traffic accidents.

RESPONSE:

Interrogatory 7.  Please give a description of all traffic violations for which DARRON LEON MURPHY has been cited, including the date, city, county, state, offense alleged and ultimate disposition of such citation.

RESPONSE:

Interrogatory 8.  With respect to collisions or accidents involving one of SEM EXPRESS LLC's vehicles and/or a driver employed by you or under contract with SEM EXPRESS LLC, please state:

    a. When the driver is required to make a report and to whom;

    b. A description of any written report required to be made by any person with SEM EXPRESS LLC and/or the driver;

    c. Where and in whose custody such reports are kept;

    d. When a driver must submit for a drug test by giving a urine sample; and

    e. When such report must be reported to the federal government.

RESPONSE:

Interrogatory 9.  Did DARRON LEON MURPHY receive any citations or tickets as a result of the collision in question? If so, what was the outcome? If DARRON LEON MURPHY paid the ticket, did DARRON LEON MURPHY plead guilty? What court did DARRON LEON MURPHY have to appear in or call to resolve the citation or ticket?

RESPONSE:

Interrogatory 10.  Do you contend that someone other than DARRON LEON MURPHY (including but not limited to Plaintiff) did or failed to do something that contributed to the wreck made the basis of this lawsuit? If so, please state what you claim that person did or failed to do, or how the action or inaction caused or contributed to the wreck.

RESPONSE:

Interrogatory 11. Please state the date on which you first subjectively believed that there was a substantial chance that litigation would arise from the wreck made the basis of this lawsuit? What facts gave rise to your subjective belief?

RESPONSE:

Interrogatory 12. What does SEM EXPRESS LLC do to review drivers' logs to determine whether they are accurate and whether they comply with the hours-of-service regulations? If SEM EXPRESS LLC uses any type of computer program or third-party service to audit logs, please identify the program or service.

RESPONSE:

Interrogatory 13 Does SEM EXPRESS LLC use any type of GPS system or other computerized device (such as OmniTRACS, Qualcomm or XATA) to monitor the movements and/or speed of its tractors and/or trailers? If so, please describe the system or device, including its name, what data is generated, where the data is stored, and how long the data is retained.

RESPONSE:

Interrogatory 14: For any cell phone used by or issued to DARRON LEON MURPHY during the time period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck, please identify the cell phone carrier and the cell phone number.

RESPONSE:

## IX.

## INTERROGATORIES TO DEFENDANT SEM EXPRESS LLC

Plaintiff, pursuant to Tex. R. Civ. Procedure 196 and 197 propounds the following Interrogatories to Defendant SEM EXPRESS LLC Defendant's response is due within fifty days from the date of service thereof. Plaintiff also requests that Defendant continue to supplement its responses to these Interrogatories as provided for by the Rules.

Interrogatory 1. Please state how you contend the collision in question occurred.

RESPONSE:

Interrogatory 2. Please state the positions held, general job descriptions, and lengths of employment of DARRON LEON MURPHY at the time of the collision in question.

RESPONSE:

Interrogatory 3.  Please state the full extent of any training, education, or experience concerning driving techniques or principles DARRON LEON MURPHY has received.

RESPONSE:

Interrogatory 4.  Was DARRON LEON MURPHY acting in the course and scope of his employment with SEM EXPRESS LLC at the time of the collision made the basis of this lawsuit? If you are contending that DARRON LEON MURPHY was not acting in the course and scope of employment for ARTS LOGISTICS INC at the time of the collision, please state exactly why you are making such contention.

RESPONSE:

Interrogatory 5.  If the vehicle driven by DARRON LEON MURPHY that was involved in the collision in question was not owned by you, please state the vehicle owner's name, address and telephone number.

RESPONSE:

Interrogatory 6.  Please list all traffic accidents in which DARRON LEON MURPHY has been involved, including the location, city, county, state and any violations for which he was cited in connection with any traffic accidents.

RESPONSE:

Interrogatory 7.  Please give a description of all traffic violations for which DARRON LEON MURPHY has been cited, including the date, city, county, state, offense alleged and ultimate disposition of such citation.

RESPONSE:

Interrogatory 8  With respect to collisions or accidents involving one of SEM EXPRESS LLC's vehicles and/or a driver employed by you or under contract with SEM EXPRESS LLC, please state:

    a.    When the driver is required to make a report and to whom;

    b.    A description of any written report required to be made by any person with SEM EXPRESS LLC and/or the driver;

    c.    Where and in whose custody such reports are kept;

    d.    When a driver must submit for a drug test by giving a urine sample; and

    e.    When such report must be reported to the federal government.

RESPONSE:

Interrogatory 9.  Did DARRON LEON MURPHY receive any citations or tickets as a result of the collision in question? If so, what was the outcome? If DARRON LEON MURPHY paid the

ticket, did DARRON LEON MURPHY plead guilty? What court did DARRON LEON MURPHY have to appear in or call to resolve the citation or ticket?

RESPONSE:

Interrogatory 10. Do you contend that someone other than DARRON LEON MURPHY (including but not limited to Plaintiff) did or failed to do something that contributed to the wreck made the basis of this lawsuit? If so, please state what you claim that person did or failed to do, or how the action or inaction caused or contributed to the wreck.

RESPONSE:

Interrogatory 11. Please state the date on which you first subjectively believed that there was a substantial chance that litigation would arise from the wreck made the basis of this lawsuit? What facts gave rise to your subjective relief?

RESPONSE:

Interrogatory 12. What does SEM EXPRESS LLC do to review drivers' logs to determine whether they are accurate and whether they comply with the hours-of-service regulations? If SEM EXPRESS LLC uses any type of computer program or third-party service to audit logs, please identify the program or service.

RESPONSE:

Interrogatory 13. Does SEM EXPRESS LLC use any type of GPS system or other computerized device (such as OmniTRACS, Qualcomm or XATA) to monitor the movements and/or speed of its tractors and/or trailers? If so, please describe the system or device, including its name, what data is generated, where the data is stored, and how long the data is retained.

RESPONSE:

Interrogatory 14. For any cell phone used by or issued to DARRON LEON MURPHY during the time period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck, please identify the cell phone carrier and the cell phone number.

RESPONS:

## X.

## REQUESTS FOR PRODUCTION TO ALL DEFENDANTS

Pursuant to Rule 196, Texas Rules of Civil Procedure, Plaintiff requests that, within the time prescribed by law, Defendants DARRON LEON MURPHY and SEM EXPRESS LLC produce and permit Plaintiff to inspect and copy the documents and things described in the requests

below, and as instructed below. Plaintiff requests that Defendants produce the documents at the offices of Joseph Monahan, located at 2344 Laguna Del Mar Court, Suite, 205, Laredo, Texas 78045.

1. Any and all documents, including but not limited to invoices, repair bills or estimates, reflecting the damage to any vehicle involved in the collision in question.
2. Any and all photographs, videotapes, or other depictions of any vehicle involved in the collision in question.
3. Any and all photographs of the scene of the collision in question.
4. Any and all photographs that you intend to use at trial.
5. Any and all photographs, videotapes or other depictions of Plaintiff.
6. Any and all photographs, videotapes or other depictions of DARRON LEON MURPHY.
7. Any and all witness statements.
8. Any and all statements from Plaintiffs.
9. Any and all statements from any Defendant, Defendant's agents or employees relating to the incident in question.
10. Any and all documents related to DARRON LEON MURPHY's employment with SEM EXPRESS LLC.
11. Any and all documents related to the maintenance, repair, acquisition, loads, operation or travel of the vehicle involved in the collision in question. These documents should include, but are not limited to, trip sheets, fuel receipts, work orders, bills of lading, maintenance records, operations manuals, vehicle condition reports and other documents obtained regarding the vehicle.
12. Produce any and all documents regarding any unemployment claim, worker's compensation claim or any other type of claim filed by DARRON LEON MURPHY relating to his employment with SEM EXPRESS LLC.
13. Any and all pictures, drawings, photographs or videotapes in your possession or subject to your control that are relevant and material to this cause of action, including but not limited to those showing the Plaintiffs, those showing any of the vehicles, or any part of the vehicles, involved in the collision in question, or those showing the location of such collision.
14. Any information relating to any conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge of facts named in discovery information

provided to you before trial. Please include the name of the person convicted, the offense for which he or she was convicted, the year of such conviction, the court of such conviction and the sentence involved.

15. Any written, taped or mechanically reproduced statement heretofore made of Plaintiffs, Defendants, and/or Defendants' agents or employees.

16. Any records or documentation (medical or non-medical) concerning DARRON LEON MURPHY that would indicate whether DARRON LEON MURPHY was using alcohol and/or drugs (including prescription or nonprescription, legal or illegal drugs) within forty-eight (48) hours prior to the collision in question.

17. Any records or documentation (medical or non-medical) concerning DARRON LEON MURPHY that would indicate that he had alcohol and/or drugs (including prescription or nonprescription, legal or illegal), or metabolites of alcohol and/or drugs (including prescription or nonprescription, legal or illegal) in the bloodstream or urine at the time of or the time following the collision in question.

18. Any records or documentation (medical or non-medical) that would indicate that DARRON LEON MURPHY was a regular user of any illegal substance(s) within one (1) year preceding the collision in question.

19. A photostatic copy of the front and back of DARRON LEON MURPHY's current driver's license and any commercial license.

20. A copy of any company vehicle use records for the one hundred eighty (180) days preceding and including the date of the collision in question.

21. Any documentation concerning DARRON LEON MURPHY involving disciplinary actions, demerits, reprimands or incidents indicating less than satisfactory job performance.

22. All manuals, instructions, guidelines, directives, or memoranda concerning the performance or execution of the position held by DARRON LEON MURPHY at the time of the collision in question.

23. All records, notes, files, memoranda, or other similar documentation indicating an awareness on your part that DARRON LEON MURPHY was an unsafe driver.

24. All documents relating to reservation of rights or denial of coverage on the part of any insurance carrier for any of the named defendants with respect to this claim.

25. If you contend that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue on behalf of Plaintiff prior to the date you received notice of this lawsuit, please produce all correspondence, memoranda, statements, tape recordings, transcripts of tape recordings, wire reports, investigation reports, close-out reports, summaries or any other documents, as well as any other tangible

things that you contend showed an outward manifestation that would indicate that there was a substantial chance that litigation would ensue.

26. Any reports, memoranda, documents or materials of any type which specifically indicate a date or occurrence on which you rely for any contention that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue concerning any injury or damages claimed on behalf of Plaintiff.

27. Any insurance policies that provide, or may provide, coverage for the collision in question.

28. Any reservation of rights letters or non-waiver agreements.

29. Any cell phone bills that would show whether or not DARRON LEON MURPHY was using a cell phone on the date of the wreck. This request includes, but is not limited to, cell phone bills for the day of the wreck.

30. All cell phone bills and records for any cell phone used by DARRON LEON MURPHY for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

31. Provide all GPS and other electronic data and records, including but not limited to all Qualcomm Satellite Communication tracking information showing the location of the truck in the incident at issue in this lawsuit for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

32. All expense receipts and reports submitted by DARRON LEON MURPHY for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

33. All incident reports generated by DARRON LEON MURPHY or SEM EXPRESS LLC regarding the collision at issue in this lawsuit.

34. If, during the time period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck, DARRON LEON MURPHY drove a truck and/or trailer different than the ones at issue in this lawsuit, provide all GPS and other electronic data and records, including but not limited to all Qualcomm Satellite Communication and OmniTRACS tracking information showing the location of the truck and trailer driven by DARRON LEON MURPHY for that time period.

35. DARRON LEON MURPHY's log books for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

36. SEM EXPRESS LLC's complete driver qualification file on DARRON LEON MURPHY.

37. All personnel files, accident files, and other files and documents that SEM EXPRESS LLC maintains or possesses regarding DARRON LEON MURPHY.

38. All fuel receipts, bills of lading, weigh tickets, and toll receipts for any vehicle operated by DARRON LEON MURPHY during the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

39. All Qualcomm records and data regarding any vehicle operated by DARRON LEON MURPHY, and any communications to and from DARRON LEON MURPHY, for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

40. All documents and data that shows the speed, location, ignition status, brake status, acceleration, deceleration, sudden stops, and other information regarding any vehicle operated by DARRON LEON MURPHY during the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck. The scope of this request includes, but is not limited to, "black box" data, crash datarecorders, OmniTRACS data, Qualcomm data, GPS data, XATA data, JETT-Track, DriveOk, FleetMatics, Fleet Management Solutions, Fleetilla, Shadow Tracker, Trimble, and any other data source.

41. All monthly log summary sheets for DARRON LEON MURPHY for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

42. All notice of logging violations for DARRON LEON MURPHY for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

43. The accident register for SEM EXPRESS LLC.

44. All safety performance history records regarding DARRON LEON MURPHY.

45. All driver's vehicle inspection reports completed by DARRON LEON MURPHY for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

46. All pretrip check lists completed by DARRON LEON MURPHY for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

47. The vehicle accident kit issued to DARRON LEON MURPHY.

48. An exemplar blank vehicle accident kit used by SEM EXPRESS LLC.

49. All dispatch and trip reports regarding any vehicle operated by DARRON LEON MURPHY for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

50. All trip cost report envelopes for any vehicle operated by DARRON LEON MURPHY for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

51. All OmniTRACS data regarding any vehicle operated by DARRON LEON MURPHY for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

52. Copies of all documents obtained by deposition on written question or subpoena.

53. All documents regarding any audits or examinations performed of SEM EXPRESS LLC by any state or federal agency, including but not limited to any state department of transportation, any state department of motor vehicle, the U.S. Department of Transportation, and the Federal Motor Carrier Safety Administration.

54. Any and all deposition transcripts related to the subject collision.

55. Copies of any and all pleadings relating to the subject collision.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff and against Defendants, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

Law Offices of Joseph Monahan
2344 Laguna del Mar Court
Suite 205
Laredo, Texas 78045
Tel. (956)729-8800
Fax. (866)791-9766

By: /s/ *Lucia M. Ceaser*

Joseph Monahan
Texas Bar No. 00795979

Lucia M. Ceaser
Texas Bar No. 24074016
lucia@monahanlaw.org

*Attorneys for Plaintiff*

# Texas Peace Officer's Crash Report (Form CR-3 1/1/2018)

Mail to: Texas Department of Transportation, Crash Data & Analysis, P.O. Box 149349, Austin, TX 78714. Questions? Call 844-274-7457
Refer to Attached Code Sheet for Numbered Fields
★=These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.)

Page 1 of 4

## IDENTIFICATION & LOCATION

- ★Crash Date (MM/DD/YYYY): 03/25/2020
- ★Crash Time (24HRMM): 1943
- Case ID: 20007287
- Local Use:
- ★County Name: WEBB
- ★City Name: LAREDO
- Outside City Limit: ☐
- In your opinion, did this crash result in at least $1,000 damage to any one person's property? ■ Yes ☐ No
- Latitude (decimal degrees):
- Longitude (decimal degrees):

### ROAD ON WHICH CRASH OCCURRED
- ★1 Rdwy. Sys.: LR
- ★Hwy. Num.:
- 2 Rdwy. Part: 1
- Block Num.: 500
- 3 Street Prefix:
- ★Street Name: HOUSTON ST
- 4 Street Suffix:
- Crash Occurred on a Private Drive or Road/Private Property/Parking Lot: ☐
- Toll Road/Toll Lane: ☐
- Speed Limit: 35
- Const. Zone: ☐ Yes ■ No
- Workers Present: ☐ Yes ■ No
- Street Desc.:

### INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER
- At Int.: ■ Yes ☐ No
- 1 Rdwy. Sys.: LR
- Hwy. Num.:
- 2 Rdwy. Part: 1
- Block Num.: 900
- 3 Street Prefix:
- Street Name: SAN EDUARDO AVE
- 4 Street Suffix:
- Distance from Int. or Ref. Marker: ☐ FT ☐ MI
- 3 Dir. from Int. or Ref. Marker:
- Reference Marker:
- Street Desc.:
- RRX Num.:

## VEHICLE, DRIVER & PERSONS

- Unit Num.: 1
- 5 Unit Desc.: 1
- Parked Vehicle: ☐
- Hit and Run: ☐
- LP State: TX
- LP Num.: HSY2352
- VIN: 1N4AL11D43C209589
- Veh. Year: 2003
- 6 Veh. Color: WHI
- Veh. Make: NISSAN
- Veh. Model: ALTIMA
- 7 Body Style: P4
- Pol, Fire, EMS on Emergency (Explain in Narrative if checked): ☐
- 8 DL/ID Type: 1
- DL/ID State: TX
- DL/ID Num.: 37157005
- 9 DL Class: C
- 10 CDL End.: 96
- 11 DL Rest.: A
- DOB (MM/DD/YYYY): 06/13/1980
- Address: 3118 CHACOTA ST, LAREDO, TX 78046

| Person Num. | 2 Pers Type | 3 Seat Position | Name: Last, First, Middle | 4 Injury Severity | Age | Ethnicity | 5 Sex | 7 Eject | 8 Restr | Airbag | 9 Helmet | Sol. | 22 Alc Spec | Alc Result | 23 Drug Spec | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | TORREZ GODINEZ, JOSE, ANTONIO | B | 39 | W | 1 | 1 | 1 | 1 | 97 | N | 96 | | 96 | 97 | 97 |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

- Owner ■ / Lessee ☐
- Owner/Lessee Name & Address: TORREZ GODINEZ, JOSE, ANTONIO  3118 CHACOTA ST, LAREDO, TX 78046
- Proof of Fin. Resp.: ■ Yes ☐ No  Expired ☐  Exempt ☐
- 26 Fin. Resp. Type: 2
- Fin. Resp. Name: ACCC INSURANCE COMPANY
- Fin. Resp. Num.: TDE10125560-2
- Fin. Resp. Phone Num.: (833) 422-6807
- 27 Vehicle Damage Rating 1: 10 - FD-3
- 27 Vehicle Damage Rating 2:
- Vehicle Inventoried: ☐ Yes ■ No
- Towed By: DF GONZALEZ
- Towed To: 3118 CHACOTA ST

- Unit Num.: 2
- 5 Unit Desc.: 1
- Parked Vehicle: ☐
- Hit and Run: ☐
- LP State: MO
- LP Num.: 51AS6A
- VIN: 4V4NC9GH57N441699
- Veh. Year:
- 6 Veh. Color: WHI
- Veh. Make: VOLVO
- Veh. Model: UNKNOWN
- 7 Body Style: TT
- Pol, Fire, EMS on Emergency: ☐
- 8 DL/ID Type: 2
- DL/ID State: MO
- DL/ID Num.: M208329009
- 9 DL Class: 98
- 10 CDL End.: 98
- 11 DL Rest.: 98
- DOB (MM/DD/YYYY): 10/09/1964
- Address: 1055 A THEOBALD, ST LOUIS, MO 63147

| Person Num. | 2 Pers Type | 3 Seat Position | Name: Last, First, Middle | 4 Injury Severity | Age | Ethnicity | 5 Sex | 7 Eject | 8 Restr | Airbag | 9 Helmet | Sol. | 22 Alc Spec | Alc Result | 23 Drug Spec | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | MURPHY, DARRON, LEON | N | 55 | W | 1 | 1 | 1 | 1 | 97 | N | 96 | | 96 | 97 | 97 |

Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit.

- Owner ■ / Lessee ☐
- Owner/Lessee Name & Address: EXPRESS, SEM  2108 DEL RIO DR, ARNOLD, MO 63010
- Proof of Fin. Resp.: ■ Yes ☐ No  Expired ☐  Exempt ☐
- 26 Fin. Resp. Type: 2
- Fin. Resp. Name: FIRST BOSNIAN INSURANCE AGENCY
- Fin. Resp. Num.: WN276358
- Fin. Resp. Phone Num.: (314) 353-4403
- 27 Vehicle Damage Rating 1: 11 - FR-2
- 27 Vehicle Damage Rating 2:
- Vehicle Inventoried: ☐ Yes ■ No
- Towed By: DRIVEN AWAY
- Towed To:

Law Enforcement and TxDOT Use ONLY
Form CR-3 1/1/2018     Case ID 20007287     TxDOT Crash ID

Page 2 of 4

## Disposition of Injured/Killed

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HRMM) |
|---|---|---|---|---|---|
| 1 | 1 | LAREDO MEDICAL CENTER | RQ9101 | | |

## Charges

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|

## Damage

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|

## CMV

Unit Num. 2 — ☒ 10,001+ LBS. — ☐ TRANSPORTING HAZARDOUS MATERIAL — ☐ 9+ CAPACITY — CMV Disabling Damage ☐ Yes ☒ No — 28 Veh. Oper. 2 — 29 Carrier ID Type 1 — Carrier ID Num. 02448167

Carrier's Corp. Name: SEM EXPRESS LLC
Carrier's Primary Addr: 2108 DEL RIO DR, ARNOLD, MO 63010
30 Veh. Type: 8

31 Bus Type: 0 — ☒ RGVW — GVWR 0,2,0,0,0,0 — HazMat Released ☐ Yes ☒ No — 32 HazMat Class Num — HazMat ID Num — 32 HazMat Class Num — HazMat ID Num — 33 Cargo Body Type: 3

Unit Num. 3 — ☒ RGVW — GVWR 0,2,9,5,0,0 — 34 Trlr. Type 1 — CMV Disabling Damage ☐ Yes ☒ No — Unit Num. — RGVW — GVWR — 34 Trlr. Type — CMV Disabling Damage ☐ Yes ☒ No

Sequence Of Events: 35 Seq. 1: 13 — 35 Seq. 2 — 35 Seq. 3 — 35 Seq. 4 — Intermodal Shipping Container Permit ☐ Yes ☒ No — Actual Gross Weight 0 — Total Num. Axles 0

## Factors & Conditions

| Unit Num. | 36 Contributing Factors (Investigator's Opinion) | | 37 Vehicle Defects (Investigator's Opinion) | | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Contributing | May Have Contrib. | Contributing | May Have Contrib. | | | | | | | |
| 1 | 98 | | | | 1 | 1 | 97 | 4 | 1 | 1 | 5 |

## Narrative & Diagram

Investigator's Narrative Opinion of What Happened (Attach Additional Sheets If Necessary)

Unit 1 was traveling Southbound on the 900 block of San Eduardo Ave. Unit 2 was hauling unit 3 traveling Westbound on the 500 block of Houston St. Unit 1 and Unit 2 both claimed to have a green light and collided at the intersection. No citations were issued due to both parties claiming to have a green light.

Indicate North

Field Diagram - Not to Scale

** END **

## Investigator

Time Notified (24HRMM): 1943 — How Notified: MCT DISPATCHED — Time Arrived (24HRMM): 1945 — Report Date (MM/DD/YYYY): 03/25/2020

Invest. Comp. ☒ Yes ☐ No — Investigator Name (Printed): VILLA, JUAN G. — ID Num: 9068

ORI Num: TX2400100 — *Agency: LAREDO POLICE DEPARTMENT — Service/Region/DA: 6

# Texas Peace Officer's Crash Report (Form CR-3 1/1/2018)

Mail to: Texas Department of Transportation, Crash Data & Analysis, P.O. Box 149349, Austin, TX 78714. Questions? Call 844-274-7457
Refer to Attached Code Sheet for Numbered Fields
*=These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.)

Page 3 of 4

## LOCATION / IDENTIFICATION

- *Crash Date (MM/DD/YYYY): 03/25/2020
- *Crash Time (24HRMM): 1943
- Case ID: 20007287
- Local Use:
- *County Name: WEBB
- *City Name: LAREDO
- Outside City Limit: ☐
- In your opinion, did this crash result in at least $1,000 damage to any one person's property? ■ Yes  ☐ No
- Latitude (decimal degrees): _____
- Longitude (decimal degrees): _____

### ROAD ON WHICH CRASH OCCURRED

- *1 Rdwy. Sys.: LR
- *Hwy. Num.:
- 2 Rdwy. Part: 1
- Block Num.: 500
- 3 Street Prefix:
- *Street Name: HOUSTON ST
- 4 Street Suffix:
- Crash Occurred on a Private Drive or Road/Private Property/Parking Lot: ☐
- Toll Road/Toll Lane: ☐
- Speed Limit: 35
- Const Zone: ☐ Yes ■ No
- Workers Present: ☐ Yes ■ No
- Street Desc:

### INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER

- At Int.: ■ Yes  ☐ No
- 1 Rdwy. Sys.: LR
- Hwy. Num.:
- 2 Rdwy. Part: 1
- Block Num.: 900
- 3 Street Prefix:
- Street Name: SAN EDUARDO AVE
- 4 Street Suffix:
- Distance from Int. or Ref. Marker: ☐ FT ☐ MI
- 3 Dir. from Int. or Ref. Marker:
- Reference Marker:
- Street Desc.:
- RRX Num:

## VEHICLE, DRIVER, & PERSONS

- Unit Num.: 3
- 5 Unit Desc.: 6
- Parked Vehicle: ☐
- Hit and Run: ☐
- LP State: MO
- LP Num.: 85K1SC
- VIN: 1UYVS2530EP806709
- Veh. Year: 2013
- 6 Veh. Color: WHI
- Veh. Make: UTILITY TRAILER MFG
- Veh. Model: UNKNOWN
- 7 Body Style: TL
- Pol., Fire, EMS on Emergency (Explain in Narrative if checked): ☐
- 8 DL/ID Type:
- DL/ID State:
- DL/ID Num.:
- 9 DL Class:
- 10 CDL End.:
- 11 DL Rest.:
- DOB (MM/DD/YYYY): __/__/____

Address (Street, City, State, ZIP):

| Person Num. | 12 Prsn Type | 13 Seat Position | Name: Last, First, Middle (Enter Driver or Primary Person for this Unit on first line) | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject | 18 Restr | 19 Airbag | 20 Helmet | 21 Sol | 22 Alc. Spec | Alc. Result | 23 Drug Spec | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit. | | | |

- ■ Owner  ☐ Lessee
- Owner/Lessee Name & Address: EXPRESS, SEM  2108 DEL RIO DR, ARNOLD, MO 63010
- Proof of Fin. Resp.: ■ Yes  ☐ No
- Expired: ☐
- Exempt: ☐
- 26 Fin. Resp. Type: 2
- Fin. Resp. Name: FIRST BOSNIAN INSURANCE AGENCY
- Fin. Resp. Num.: WN276758
- Fin. Resp. Phone Num.: (314) 353-4403
- 27 Vehicle Damage Rating 1: _____
- 27 Vehicle Damage Rating 2: _____
- Vehicle Inventoried: ☐ Yes  ■ No
- Towed By: TRACTOR
- Towed To:

---

- Unit Num.:
- 5 Unit Desc.:
- Parked Vehicle: ☐
- Hit and Run: ☐
- LP State:
- LP Num.:
- VIN:
- Veh. Year:
- 6 Veh. Color:
- Veh. Make:
- Veh. Model:
- 7 Body Style:
- Pol., Fire, EMS on Emergency (Explain in Narrative if checked): ☐
- 8 DL/ID Type:
- DL/ID State:
- DL/ID Num.:
- 9 DL Class:
- 10 CDL End.:
- 11 DL Rest.:
- DOB (MM/DD/YYYY):

Address (Street, City, State, ZIP):

| Person Num. | 12 Prsn Type | 13 Seat Position | Name: Last, First, Middle (Enter Driver or Primary Person for this Unit on first line) | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject | 18 Restr | 19 Airbag | 20 Helmet | 21 Sol | 22 Alc. Spec | Alc. Result | 23 Drug Spec | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit. | | | |

- ☐ Owner  ☐ Lessee
- Owner/Lessee Name & Address:
- Proof of Fin. Resp.: ☐ Yes  ☐ No
- Expired: ☐
- Exempt: ☐
- 26 Fin. Resp. Type:
- Fin. Resp. Name:
- Fin. Resp. Num.:
- Fin. Resp. Phone Num.:
- 27 Vehicle Damage Rating 1:
- 27 Vehicle Damage Rating 2:
- Vehicle Inventoried: ☐ Yes  ☐ No
- Towed By:
- Towed To:

| Law Enforcement and TxDOT Use ONLY Form CR-3 1/1/2018 | Case ID 20007287 | TxDOT Crash ID | Page 4 of 4 |

### Disposition of Injured/Killed

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HRMM) |
|---|---|---|---|---|---|
| | | | | | |

### Charges

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| | | | |

### Damage

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |

### CMV

| Unit Num. | 10,001+ LBS. | TRANSPORTING HAZARDOUS MATERIAL | 9+ CAPACITY | CMV Disabling Damage | Yes/No | 28 Veh. Oper. | 29 Carrier ID Type | Carrier ID Num. |

Carrier's Corp. Name | Carrier's Primary Addr. | 30 Veh. Type

31 Bus Type | RGVW / GVWR | HazMat Released Yes/No | 32 HazMat Class Num | HazMat ID Num | 32 HazMat Class Num | HazMat ID Num | 33 Cargo Body Type

Unit Num. | RGVW / GVWR | 34 Trlr. Type | CMV Disabling Damage Yes/No | Unit Num. | RGVW / GVWR | 34 Trlr. Type | CMV Disabling Damage Yes/No

Sequence Of Events | 35 Seq. 1 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 | Intermodal Shipping Container Permit Yes/No | Actual Gross Weight | Total Num. Axles

### Factors / Conditions

| Unit Num. | 36 Contributing Factors (Investigator's Opinion) Contributing / May Have Contrib. | 37 Vehicle Defects (Investigator's Opinion) Contributing / May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
|---|---|---|---|---|---|---|---|---|---|
| | | | 1 | 1 | 97 | 4 | 1 | 1 | 5 |

### Narrative & Diagram

Investigator's Narrative Opinion of What Happened (Attach Additional Sheets If Necessary) | Indicate North | Field Diagram - Not to Scale

* * E N D * *

### Investigator

Time Notified (24HRMM) 1943 | How Notified MCT DISPATCHED | Time Arrived (24HRMM) 1945 | Report Date (MM/DD/YYYY) 03/25/2020

Invest. Comp. Yes | Investigator Name (Printed) VILLA, JUAN G. | ID Num. 9068

ORI Num. TX2400100 | *Agency LAREDO POLICE DEPARTMENT | Service Region/DA 6