United States District Court
Southern District of Texas

**ENTERED**
May 07, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **JOSE ANTONIO TORREZ GODINEZ,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:20-CV-220** |
| | § | |
| **SEM EXPRESS, LLC, *et. al.*,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Before the Court are the parties' responses, (Dkt. Nos. 6, 7), to the Court's Order to Show Cause, (Dkt. No. 3), as to why counsel for both Plaintiff and Defendants should not be sanctioned for failing to file a Joint Report and Proposed Scheduling Order by March 24, 2021, as previously ordered by the Court. (Dkt. No. 2 at 2). In lieu of a hearing, the parties were ordered to file separate responsive briefs to the Court's Order to Show Cause. (Dkt. No. 3).

### I. Factual Background

On February 22, 2021, the Court issued an Order for Conference, setting an Initial Pretrial and Scheduling Conference for March 30, 2021 at 10:00 a.m. (Dkt. No. 2 at 1). In the Order for Conference, the Court ordered the parties to prepare and file a joint report, including a completed proposed scheduling order, no later than March 24, 2021 at 5 p.m. (*Id.* at 2). The parties did not file the joint report with the Court by March 24, 2021. On March 26, 2021, the Court issued its Order to Show Cause, ordering the parties to file responses explaining why they did not adhere to the Court's Order for Conference deadlines. (Dkt. No. 3).

On March 29, 2021, the parties filed a Notice of Settlement with the Court, indicating that the matter had previously settled. (Dkt. No. 4). On April 1, 2021, both parties' attorneys filed a response to the Court's order to show cause. (Dkt. Nos. 6, 7).

Counsel for both Plaintiff and Defendants state that they knew the parties had reached a settlement agreement before the Court even issued its Order for Conference on February 22. The response by Plaintiff's counsel, Lucia Marie Ceaser, indicates that

the parties knew this matter would settle as early as January 27, 2021. (Dkt. No. 6 at 2). Although lead counsel in this matter, Ms. Ceaser represents that she did not negotiate this case, nor was she involved in review or preparation of the settlement documents. (*Id.* at 3). Ms. Ceaser asserts that she intended to inform the Court as early as possible that the matter had settled; however, she did not want to notify the Court until she had reviewed the release documents, which she did not receive from her co-counsel, who was out of the office due to medical reasons. (*Id.*).

The response by Defendants' counsel, Jose I. Maldonado, Jr., states that his firm's insurance adjuster received release documents on February 16, 2021. (Dkt. No. 7 at 2). Mr. Maldonado admits that upon receipt of the release documents, his office inadvertently removed all pending deadlines from Mr. Maldonado's calendar and did not calendar the new deadlines issued in the Court's February 22 Order for Conference. (*Id.*). Mr. Maldonado's understanding was that Plaintiff's counsel would be providing a notice of settlement for review. (*Id.*).

## II. Law

The Federal Rules of Civil Procedure provide that, on its own, "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii) to (vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(c). Rule 16(f)'s "explicit reference to sanctions" reflects the Rule's intention to "encourage forceful judicial management." Fed R. Civ. P. 16(f) advisory committee's note to 1983 amendment. It vests a district court with "discretion to impose whichever sanction it feels is appropriate under the circumstances." *Id.* This sanctioning power accords with a district court's broader "'inherent power' and responsibility to manage [its] docket[ ] 'so as to achieve the orderly and expeditious disposition of cases.'" *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013) (per curiam) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). "In deciding whether a sanction is merited, the court need not find that the party acted in bad faith. The fact that a pretrial order was violated is sufficient to allow some sanction." *See* 6A Charles Alan Wright et al., Federal Practice and Procedure § 1531 (3d ed. 2010).

The settlement of a matter does not deprive a district court of jurisdiction to issue sanctions on a collateral issue. *Cooter & Gell v. Hartmarx,* 496 U.S. 384, 395 (1990) ("It

is well established that a federal court may consider collateral issues after an action is no longer pending."); *Lightsource Analytics, LLC v. Great Stuff, Inc.*, No. A-13-CV-931 LY, 2014 WL 4744789, *3 (W.D. Tex. Sept. 23, 2014). The Court's consideration of sanctions for collateral issues are "independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree." *Cooter & Gell*, 496 U.S. at 395.

### III. Discussion

Ms. Ceaser and Mr. Maldonado violated the Court's Order for Conference, (Dkt. No. 2), by failing to file the Joint Report within the deadline set in that Order. Their explanation for the failure to timely file the Joint Report—that the case had already settled—identified further violations of the Local Rules of the Southern District of Texas and District Judge Garcia Marmolejo's Court Procedures in Civil Cases. Local Rule 16.3 provides that counsel shall notify the Court immediately of settlements that obviate Court settings. S.D. Tex. L.R. 16.3. District Judge Garcia Marmolejo's Court Procedures in Civil Cases provides that counsel shall notify the Court immediately in writing of the parties' settlement of any matter by filing a document in the case, such as an advisory letter, a joint stipulation or dismissal motion, as appropriate. Hon. Marina Garcia Marmolejo, Civ. Ct. P. 15(B).

The rules of this Court require counsel to immediately notify the Court upon reaching a settlement agreement, not upon the exchange or finalization of the settlement documents. The primary purpose of these rules is to prevent the unnecessary investment of the Court's resources in a case that has already settled. The failure of the parties to promptly inform the Court of their settlement agreement resulted in the Court's unnecessary issuance of an Order for Conference on February 22, (Dkt. No. 2), and the subsequent Order reminding the parties to file the Joint Report, (Dkt. No. 3). It also prevented the Court from setting other matters during the time and date set aside for the initial pretrial and scheduling conference, which wasn't canceled until March 29, the day before the conference was scheduled to take place. (*See* Dkt. No. 5).

Counsel violated not only this Court's Order for Conference by failing to timely file the Joint Report, but also Local Rule 16.3 and the District Judge's courtroom rules and procedures by failing to immediately notify the Court that the parties had reached a

settlement agreement. The Court does not accept either parties' reasoning for these violations. Accordingly, the Court finds that a sanction for counsel for both parties is appropriate in this matter.

## IV. Conclusion

For the forgoing reasons, both Plaintiff's attorney, Lucia Marie Ceaser, and Defendants' attorney, Jose I. Maldonado, Jr., are hereby **SANCTIONED** by this Court. Both attorneys are **ORDERED** to complete three (3) credit hours of continuing legal education (CLE) in the area of federal civil procedure. This CLE must be completed by **August 6, 2021**, and by that date counsel shall file documentation showing that they have completed the CLE required by this Order.

It is so **ORDERED**.

**SIGNED** on May 7, 2021.

_____
John A. Kazen
United States Magistrate Judge

4 / 4